IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 05-cv-01668-LTB-BNB

COACH USA, INC.,

    Plaintiff,

v.

ROBERT MCBRIDE,

    Defendant.
_____

## ORDER
_____

This case is before me on Defendant Robert McBride's Motion to Stay Proceedings Pending Arbitration. Oral argument would not materially assist in determination of the motion. After consideration of the motion, related pleadings, and the case file, I grant the motion for the reasons set forth below.

**I. Background**

This action arises out of MKBS, LLC's ("MKBS") purchase of the assets of two taxi cab companies, Metro Taxis, Inc. and Cabs, Inc., owned by Plaintiff. Specifically, Plaintiff seeks to hold Defendant, an owner and the president of MKBS, liable as a guarantor of MKBS's indebtedness for a portion of the purchase price.

Plaintiff's sale of assets to MKBS was effectuated through a purchase agreement dated March 15, 2004 (the "Purchase Agreement"). In the Purchase Agreement, Plaintiff made various representations and warranties regarding the subject assets and agreed to indemnify MKBS and its

representatives for any losses resulting from the breach of these representations and warranties or from Plaintiff's continued operation of the assets through the closing of the sale. Under the terms of the Purchase Agreement, Plaintiff and MKBS are required to submit any related disputes to binding arbitration.

In consideration for its purchase of Plaintiff's assets, MKBS paid $3,700,000 in cash and executed two subordinated promissory notes. The first of these promissory notes (the "First Note") was in the amount of $250,000 and had a maturity date of August 10, 2005. The First Note provides that amounts owing thereunder must be set off against any claim that MKBS has for indemnification under the Purchase Agreement. Likewise, the Second Amendment to the Purchase Agreement provides that any disputed claim for indemnification by MKBS must be resolved through arbitration and that amounts payable under the First Note must be set off against any damages awarded to MKBS in any such proceeding.

Defendant guaranteed MKBS's indebtedness to Plaintiff under the First Note via a guaranty dated August 10, 2004 (the "Guaranty"). The Guaranty provides that Defendant may assert a setoff or defense based on any successful claim for indemnification asserted by MKBS.

In June of 2005, MKBS advised Plaintiff of numerous purported breaches of the Purchase Agreement, including but not limited to misrepresentations that resulted in losses to MKBS. When the parties were unable to resolve their differences over these issues, MKBS demanded that the parties proceed to arbitration. Although the parties have agreed on an arbitrator, no arbitration had been scheduled as of the time that Defendant's motion was briefed. This delay in scheduling is, at this point, attributable to Plaintiff's failure to make the requisite deposit or guarantee of payment.

## II.  Analysis

Since Defendant is not a party to the Purchase Agreement, any stay of this case pending arbitration of the dispute between Plaintiff and MKBS must be based on the Court's discretionary powers.  The power to stay proceedings requires an exercise of judgment, which must weigh competing interests and maintain an even balance.  *Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936).  The party requesting a stay must demonstrate a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that a stay will cause damage to another party.  *Id.* at 255.

Here, the hardship to Defendant if this case proceeds prior to completion of the arbitration between Plaintiff and MKBS is readily apparent.  That is, Defendant could be denied the opportunity to assert a setoff or defense based on MKBS's right to indemnification that is expressly recognized under the terms of the Guaranty.  Conversely, the harm to Plaintiff if this case is stayed is minimal and somewhat negated by the additional interest that Plaintiff will be entitled to collect as a result of the delay if it prevails in this case.  In addition, Plaintiff can further negate any damage that it might suffer as a result of a stay in this case by satisfying the prerequisites to arbitration of its dispute with MKBS.

Accordingly, IT IS ORDERED that

1.  Defendant's Motion to Stay Proceeding Pending Arbitration is GRANTED; and

2.  The parties shall file status reports regarding the status of the arbitration between Plaintiff and MKBS within ten (10) days of the date of this Order and every thirty (30) days thereafter.

Dated: January   5  , 2006 in Denver, Colorado.

                                                    BY THE COURT:

                                                 s/Lewis T. Babcock
                                              LEWIS T. BABCOCK, CHIEF JUDGE